IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES CHRISTOFERSON,                    Case No. 3:09-cv-01155-JE

           Plaintiff,          FINDINGS AND RECOMMENDATION

   v.

WARDEN J.E. THOMAS, WOMELDORF,
BURNS, McMANN, and UNKNOWN
"SHERIDAN COWBOYS" VARIOUS
CORRECTIONAL OFFICERS,

         Defendants.

JELDERKS, Magistrate Judge.

     Plaintiff filed this prisoner civil rights case on September 9, 2009 alleging that defendants had subjected him (and many other inmates) to an unconstitutional strip search as a retaliatory response to an altercation involving two inmates at FCI-Sheridan. On April 25, 2011, this court issued a Findings and Recommendation in which it recommended granting defendants' Motion to Dismiss on the basis that the justification, scope, and manner of the search

1 - FINDINGS AND RECOMMENDATION

were all reasonable, and defendants would have been qualifiedly immune even had the search violated the Fourth Amendment.

Plaintiff also appeared to allege that defendants had obstructed his access to the courts, but the court recommended rejecting plaintiff's access to courts claim because he suffered no prejudice.    The District Judge adopted the Findings and Recommendation as his own on May 31, 2011 and dismissed the Complaint with prejudice.

The Ninth Circuit affirmed this court's decision in part, reversed it in part, and remanded the case with instructions to allow plaintiff to amend his Complaint.  The Court of Appeals noted that unidentified facts found in parts of the record outside of plaintiff's Complaint might help him, that he might be able to allege a plausible First Amendment retaliation claim, and that he might be able to sue under the Privacy Act despite the regulations that purport to block such claims.

Plaintiff filed his Amended Complaint on March 19, 2014, and on May 2, 2014, defendants filed a Corrected Motion to Dismiss the Amended Complaint (#56) which is currently before the court for disposition.  For the reasons which follow, the Corrected Motion to Dismiss should be granted in part and denied in part, and plaintiff should be allowed an opportunity to file a second amended complaint.

///

2 - FINDINGS AND RECOMMENDATION

## STANDARDS

Dismissal is appropriate if plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the complaint and any attached exhibits. *Id* at 1484. Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Id.* From the facts alleged, the court also must draw all reasonable inferences in favor of the nonmoving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

## DISCUSSION

The Fourth Amendment issue plaintiff raises in his Amended Complaint is effectively unchanged from that contained within his original Complaint. Specifically, he claims that the group strip

3 - FINDINGS AND RECOMMENDATION

search was unlawful because there was no emergency, no cause to believe contraband was being concealed, and that the search was maliciously and sadistically applied.  Plaintiff's allegations do not affect the court's prior analysis and conclusion on this issue that the search was reasonable, and that even if it was not, defendants are entitled to qualified immunity.  Accordingly, for the reasons identified in the court's Findings and Recommendation (#33), plaintiff's Fourth Amendment claim should be dismissed.

Plaintiff now sets forth a First Amendment retaliation claim with some specificity.  In his original Complaint, plaintiff principally asserted that prison guards retaliated against the inmates at Sheridan with an abusive strip search in response to the inmate altercation only hours after the inmates involved in the altercation were identified and taken to the Segregated Housing Unit.  He also alleged that on approximately April 28, 2008, Captain Womeldorf "attempted to convince Plaintiff and the other inmates [who had filed grievances regarding the incident] that filing was not in their best interest (meaning to be a threat)." Complaint (#1), p. 5.  Although he claimed that FCI Sheridan was a "living hell," in the absence of more specific allegations of retaliatory conduct, the court construed this as an access to courts claim.

Plaintiff makes these same general allegations, but now contends that approximately one month after Womeldorf warned the

inmates against continuing with their grievances, their housing unit was "shaken down" by correctional officers who targeted the inmates who had filed grievances arising from the strip search. He asserts that correctional guards deliberately opened $70.50 worth of his perishable and non-perishable items, and confiscated personal properly totaling $516.90. He further contends that on July 14, 2008, he was told to pack up his belongings for an impending transfer to another institution.[1]

Plaintiff has a First Amendment right to file grievances without fear of retribution. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). "In order to state a claim for First Amendment retaliation, a prisoner must allege the following five elements: (1) a [governmental] actor took an adverse action against him (2) because of (3) the prisoner's protected conduct, and that the action taken against him (4) chilled the prisoner's exercise of his First Amendment Rights and (5) did not reasonably advance a legitimate correctional goal." *Silva v. Di Vittorio* (9th Cir. 2011) (citing *Robinson*, 408 F.3d at 567).

Plaintiff alleges that he suffered from revenge-driven cell searches and an institutional transfer that did not involve legitimate correctional goals. Although plaintiff was able to complete the grievance process and proceed with this lawsuit, this

---

[1]    Plaintiff also alleges that he was transferred to the Segregated Housing Unit "under investigation" but does not provide further detail. Amended Complaint (#48), p. 7.

does not show that the conduct described did not have a chilling effect that "would chill or silence a person of ordinary firmness from future First Amendment activities." *Id* at 568-69. Accordingly, it appears that plaintiff states a valid First Amendment claim for pleading purposes.

Defendants argue, however, that plaintiff has not stated any facts that establish a causal connection between the adverse actions and the grievances he filed. To the contrary, plaintiff alleges that defendant Womeldorf called him and other inmates who had filed grievances pertaining to the strip search into his office to threaten them with adverse consequences if they continued with their grievances. When plaintiff did not drop his claims, his housing unit was "shaken-down" resulting in the deprivation of his personal property, he was placed in the Segregated Housing Unit, and he was ultimately transferred to another institution altogether. The fact that the cell search and institutional transfer did not take place immediately after Womeldorf's threats does not make the adverse actions so attenuated to Wolmedorf's warning that plaintiff fails to state a claim for pleading purposes.

Defendants also argue that plaintiff fails to describe how any defendant personally participated in the alleged First Amendment deprivation. "Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged

constitutional deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1996). A supervisor is liable for the constitutional violation of his or her employee if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor*, 880 F.2d at 1045. There is no respondeat superior liability under § 1983. *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691-94 (1978); *Taylor*, 880 F.2d at 1045.

It is true that plaintiff does not identify who, specifically, searched his cell, confiscated his property, or ordered his transfer to another prison. However, "the mere *threat* of harm can be an adverse action. . . ." *Brodheim v. Cry*, 584 U.S. 1262, 1270 (9th Cir. 2009) (emphasis in original). As plaintiff alleges that Womeldorf threatened him if he did not abandon his grievance, he states a valid First Amendment claim against Womeldorf.

Although plaintiff makes sufficient allegations of personal involvement on the part of Captain Womeldorf to plead a First Amendment retaliation claim, he fails to describe how any other defendant personally participated in the deprivation at issue. Consequently, he fails to state a cognizable retaliation claim against any other defendant such that all defendants save Womeldorf should be dismissed from this case.

///

7 - FINDINGS AND RECOMMENDATION

**<u>RECOMMENDATION</u>**

Defendants' Corrected Motion to Dismiss (#56) should be granted in part and denied in part insofar as, with the exception of plaintiff's First Amendment retaliation claim against Womeldorf, plaintiff fails to state a claim upon which relief may be granted. The court should allow plaintiff one final opportunity to amend his pleading to describe how all named defendants personally participated in the retaliation claim he raises.  The court should caution plaintiff that should he fail to file second amended complaint within 30 days, his case will continue only as to his First Amendment retaliation claim against Captain Womeldorf.

DATED this <u>  31st  </u> day of October, 2014.


<u>   /s/ JOHN JELDERKS                        </u>
          John Jelderks
          United States Magistrate Judge